[Crim. No. 1139. Third Appellate District.—September 30, 1930.]

In the Matter of the Application of SIDNEY E. FORBES for a Writ of Habeas Corpus.

Albert J. McGuire for Petitioner.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

THE COURT.—The petition for a writ of *habeas corpus* herein, in behalf of Sidney E. Forbes, represents to the court that the said Sidney E. Forbes is now illegally detained in the state prison at Folsom by the warden of said prison.

Without following the recitals of the different paragraphs of the petition, the facts may be summarized as follows: On the sixth day of May, 1926, Sidney E. Forbes was received at the state prison, having been sentenced for the crime of burglary. On the second day of July, 1927, the term of imprisonment of said Forbes was fixed at five years. On the seventeenth day of April, 1929, Sidney E. Forbes was released upon parole. On the twenty-eighth day of December, 1929, Sidney E. Forbes was arrested on a charge of burglary and violation of section 12, chapter 323, Statutes of 1925, and thereafter sentenced to six months' imprisonment in the county jail in San Francisco. Thereafter, upon these facts being regularly presented to the board of prison directors, said board, on the twenty-fifth day of January, 1930, suspended the parole theretofore granted said Sidney E. Forbes and directed that he be retaken and returned to the actual custody of the state prison. On September 2, 1930, upon the expiration of the six months' sentence herein mentioned, Sidney E. Forbes was returned to the state prison at Folsom, and thereafter, upon due notice, all credits theretofore earned and granted, and also all credits which would be possible for him to earn, were forfeited and disallowed by order of the board.

The petitioner's contention for the discharge of Sidney E. Forbes is based upon the theory that the time Sidney E. Forbes was out of the actual confines of the walls of the state prison at Folsom serving his six months' sentence imposed, as heretofore stated, in the county jail at San Francisco should be counted as time served upon his five-year sentence imposed by the state prison board on July 2, 1927. If such time should be counted, then and in that event the writ prayed for should be granted. If not, it should be denied.

■ Under section 1168 of the Penal Code and the decisions based thereon the time that a paroled prisoner is at large ordinarily counts the same as time served when within the actual inclosure of the state prison. The authorities

are quite numerous to the effect that a prisoner serving a sentence of imprisonment in a state prison is, in contemplation of law, a prisoner therein as well when at work outside, under the surveillance of prison guards, as when confined within its walls, and also that a prisoner, while outside the prison walls upon parole, is likewise within the custody and control of the state prison, but need not be cited for the reason that section 1168 of the Penal Code as amended [Stats. 1929, p. 1934] reads as follows: "Prisoners on parole shall remain under the legal custody and control of the State Board of Prison Directors, and shall be subject at any time to be taken back within the enclosure of the prison." The contention that time shall run in favor of a paroled prisoner while outside the actual inclosure of the walls of prison depends, however, upon the contingency that he is lawfully at large.

In the case of *Woodward* v. *Murdock*, 124 Ind. 439 [24 N. E. 1027, 1048], the principal case relied upon by the petitioner herein, contains the following significant sentence: "As the appellant was a prisoner absent from the prison by proper authority, under no view of the case, in our opinion, could his imprisonment be continued longer than the period for which he was sentenced, less his credits for good time." The question presented in that case was as to whether the time he was out on parole should be counted in his favor as so many days or months served upon his sentence. It was there held, in support of the prisoner's contention, that he was absent from prison by proper authority.

In the case at bar the prisoner was not absent from the inclosure of the state prison at Folsom by or upon proper authority. His parole had been suspended, and during that period of time it cannot be consistently argued that he was absent by proper authority. That he was not brought back to the state prison at Folsom under the order of the prison directors directing that he be returned constitutes no defense. There is no question or dispute as to the sufficiency of the showing that Sidney E. Forbes had violated the terms of his parole, and of the power of the board to revoke or suspend the same, which so far as the prisoner at large was concerned constituted one and the same thing, and having suspended the right of Sidney E. Forbes to remain at large on

parole he was absent from the inclosure of the state prison without leave and without legal authority. ■ The fact that Sidney E. Forbes was confined in the county jail at the county of San Francisco likewise constitutes no defense; neither do we think that section 670 of the Penal Code, relied upon by the state, is applicable here, as Sidney E. Forbes was not taken by any legal process, as contemplated within the terms of that section. Otherwise, no time would run in favor of a paroled prisoner. We think that section refers to time when a prisoner is taken from the actual confines of a state prison to be tried, for instance, on some other charge. ■ Nor do we think that section 105 of the Penal Code, relative to escapes, and the subsequent sections relative to punishment for escapes, applicable to this case.

■ From the case of *Ex parte McGuire,* 135 Cal. 339 [87 Am. St. Rep. 105, 67 Pac. 327], a case involving a sentence to the state prison and a misdemeanor sentence, the conclusion must be drawn that during all the time after the twenty-fifth day of January, 1930, Sidney E. Forbes should have been within the actual inclosure of the prison walls at Folsom. That his own wrong in violating his parole prevented his being taken back, whether mistakenly or properly, by the parole officer of the state prison, does not furnish any reason for the granting of the writ herein.

The opinion in *In re Collins,* 8 Cal. App. 367 [97 Pac. 188], shows clearly that it was within the power of Sidney E. Forbes to have himself immediately returned to actual custody at Folsom. ■ When a person is under legal compulsion to serve a sentence, execution of that sentence can only be had in one way, and that is by submission to the execution of that sentence. (*Ex parte Rice,* (Okl. Cr. App.) 289 Pac. 360.) ■ Immediately upon a revocation or suspension of the parole on July 25, 1930, by the prison board, which, of course, revoked the right of Sidney E. Forbes to be at large or to be outside the actual inclosure of the state prison at Folsom, it became the legal duty of Sidney E. Forbes to surrender himself and again submit to actual custody within the walls of said prison. He could either do it voluntarily, or by legal proceedings, have himself so submitted. That his own wrong prevented such a procedure without legal steps to enforce his surrender and recom-

mencing the undergoing incarceration within the actual walls of the state prison does not entitle him to have the intervening time allowed as a part service of his sentence.

Any holding that time served upon a misdemeanor sentence of a paroled prisoner, after suspension or revocation of parole, should be counted as so much time served upon the previous sentence to state prison, would subvert the very purpose of the provisions of section 1168 of the Penal Code relative to paroles and take away all the restraining influences of the rules and regulations of the state board, having for their purpose the insuring that the person paroled shall not again become a violator of the law.

The writ is denied.