[Crim. No. 1143. Third Appellate District.—December 24, 1930.]

In the Matter of the Application of F. V. DANIELS for a Writ of Habeas Corpus.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Appellant.

Lawrence J. Skirving for Respondent.

MR. JUSTICE THOMPSON (R. L.) DELIVERED THE OPINION OF THE COURT.—This is an appeal from an order granting a writ of *habeas corpus.* The petitioner was released on bond pending the appeal.

The petitioner was convicted of a felony and sentenced to imprisonment in the state prison at San Quentin. He was received at that prison June 27, 1925. The prison board subsequently fixed his term of imprisonment at five years. He was released on parole. October 23, 1928, during his parole, he was convicted of a misdemeanor and sentenced to imprisonment in the county jail at Los Angeles for the term of six months. He served his term in the county jail, which sentence terminated May 13, 1929. The petitioner was thereupon returned to the state prison at

Folsom to complete his sentence upon the charge of the felony. May 18, 1929, the prison board found him guilty of a violation of his parole. Pursuant to section 1588 of the Penal Code, as it then existed, the prison board revoked all of the petitioner's past and future time credits. Without the benefit of time credits the petitioner's term of imprisonment in the state prison expired June 28, 1930, provided the intervening period of six months during which he was imprisoned in the Los Angeles county jail is credited upon his state prison term. Upon a petition for a writ of *habeas corpus,* which was presented to the Superior Court of Sacramento County on September 13, 1930, the writ was granted and the warden of Folsom state prison was directed to discharge the prisoner. From this order the people of the state of California appealed. The petitioner was admitted to bail pending the appeal.

It is contended by the petitioner that his term of imprisonment in the county jail at Los Angeles, under the provisions of section 669 of the Penal Code, ran concurrently with his state prison term and that he was entitled to credit on the last-mentioned term for the intervening time which he served in the county jail.

This precise question has been determined adversely to the petitioner. (*In re Forbes,* 108 Cal. App. 683 [292 Pac. 142].) A writ of *habeas corpus* in behalf of Forbes, based upon the same grounds presented in the case last cited, was denied by the Supreme Court October 23, 1930. Upon that authority it follows that when a parole has been revoked and time credits have been canceled, the term of imprisonment served by a prisoner in a county jail as punishment for a misdemeanor committed during the period of parole may not be credited on a pending state prison commitment.

In the present case the petitioner served six months' time in the county jail as punishment for a misdemeanor which was committed during his parole. This offense constituted a violation of the parole which was therefore revoked November 17, 1928. While a prisoner remains without the prison walls after his parole has been revoked, in effect, he may be deemed to be an escaped prisoner or a fugitive from justice, during which period he may not claim the benefit of the running of his sentence. When a parole is

suspended or revoked, it is the duty of a prisoner to forthwith present himself to the warden of the state prison for the completion of his sentence. The fact that he has incurred another penalty for a subsequent offense may not inure to his benefit so as to shorten his term of imprisonment for the former felony. Ordinarily another court may not legally pronounce a judgment of commitment so as to interfere with the due execution of a previous judgment of imprisonment. Section 669 of the Penal Code, upon which the petitioner in this case relies, is not applicable. Under the provisions of that statute, if it has any application at all to a misdemeanor case, it was the duty of the justice of the peace who pronounced judgment in the misdemeanor case to have sentenced the petitioner so that his imprisonment would commence "at the termination of the first term of imprisonment" for the felony charge. If the justice was not aware of the fact that the prisoner was then subject to a judgment of commitment in the state prison, it would be the duty of the petitioner to inform the court of that fact. The accused may not remain silent at the time of his second sentence respecting his status as a prisoner and then claim the benefit of his own secrecy. Under the last-mentioned section of the code, it is only "in exceptional cases" that a court has the discretion of administering the penalty of imprisonment for a second "crime" so as to permit it to run concurrently with the commitment for the former felony. This offense does not appear to have been such "an exceptional case" as to warrant the exercise of discretion in pronouncing judgment. No order was made that it should run concurrently with the former judgment of commitment.

The petitioner is therefore not entitled to credit as a part of his commitment in the state prison, the six-month term during which he wrongfully remained away from the institution after his parole was revoked.

The order granting the writ of *habeas corpus* is therefore reversed. The petitioner is remanded to the custody of the warden of the state prison at Folsom for the completion of his term of imprisonment.