[Crim. No. 1662. First Appellate District, Division Two.—June 25, 1932.]

In the Matter of the Application of JAMES W. GOUGH for a Writ of Habeas Corpus.

494

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Appellant.

Thomas T. Califro for Petitioner.

STURTEVANT, J.—This is an appeal by the people of the state of California from an order granting a petition for a writ of *habeas corpus* and the discharge of the petitioner. The petitioner makes a preliminary objection in the form of a motion to dismiss the appeal.

The application for a writ of *habeas corpus* was presented to the superior court of this state in and for the county of Marin. The petitioner was represented by his attorney Mr. Califro. The people of the state of California were represented by Mr. Greer, the district attorney of Marin County. The people were the only respondents and Mr. Greer did not represent anyone else. When the trial court announced its judgment granting the application and ordering the petitioner discharged, Mr. Greer, as recited in the minutes, announced in open court that "an appeal is taken at this time". The record does not show that he specially designated his client by name. Assuming, without deciding, that he should have done so, we may not presume that he did not perform his official duty. (Code Civ.

Proc., sec. 1963, subd. 15.) It follows that the appeal was taken by the people of the state of California.

Later a document headed "Specifications of Grounds of Appeal", was filed in the trial court. The petitioner makes several attacks thereon, claiming it does not comply with rule II, section 7, of the Judicial Council. We understand the petitioner to refer to Rules for the Supreme and District Courts of Appeal. The petitioner does not quote and we have not found any passage in said section addressed to appeals in *habeas corpus* proceedings. True it is that the section refers to orders "made after judgment". However, from the context it appears that the passage refers to orders made after judgment in the original action and does not refer to orders made in a collateral proceeding. On the other hand, if we assume for the purposes of this decision that rule II, section 7, is pertinent to this case, the result is the same. The "specifications" opens with the expression "Now comes the respondent, James B. Holohan, warden of the California State Prison at San Quentin . . . " The petitioner quotes the expression and thereupon he states that the warden is not the respondent and that the statute does not give the warden the right to appeal. The point may not be sustained, for it is patent that the respondent appealed and that the words "James B. Holohan, warden of the California State Prison at San Quentin" were surplusage, but surplusage does not vitiate. The other attacks made on the specifications are merely stated by the petitioner, no argument in support of them is made and no authorities whatever are cited. Therefore we pass to a consideration of the application on its merits.

On July 24, 1925, an indictment was filed in the Superior Court of the State of California in and for the County of Alameda, charging the petitioner with having committed the crime of grand larceny. On September 2, 1925, he pleaded guilty and was sentenced to be imprisoned at San Quentin "for the term prescribed by law, that he be remanded to the custody of the sheriff of the county of Alameda, to be by him delivered to the warden of the state prison at San Quentin, California". He was received at the prison February 10, 1926, and on August 14, 1927, his term was fixed at ten years. In his first point the petitioner asserts that if he had been delivered

at the prison on September 2, 1925, his term would have expired on March 2, 1932, and in justice it should be so ordered. In this connection he intimates that the trial court sitting in Alameda County made some order in excess of its jurisdiction. He does not state affirmatively what that order was, but he negatives several other possible orders. If any erroneous order prejudicial to his rights was made after final judgment he had his remedy, but he was not entitled to acquiesce therein and raise his objection at this time in this proceeding. ■ The warden's powers are provided by statute and he is bound to estimate the term of a prisoner from the date the prisoner is received in his custody. (Pen. Code, sec. 670; *In re Forbes,* 108 Cal. App. 683 [292 Pac. 142]; *In re Sichofsky,* 201 Cal. 360 [53 A. L. R. 615, 257 Pac. 439].)

■ In his brief the petitioner asserts that the state board of prison directors, without evidence or hearing, fixed the term of the petitioner at ten years, and without right or privilege of parole. However, these attacks are not supported by any record. When the respondents filed their return the record does not disclose that any answer or traverse was filed. Neither does it show any stipulation that the petition should stand as a traverse to the return. The burden of showing that the petitioner is unlawfully restrained of his liberty rested on him. That he did not make that showing in the trial court and has not made it in this court appears from the transcript. Under rule XXII of the rules hereinabove referred to " . . . the record on appeal shall consist of (1) a copy of the petition for the writ, (2) a copy of the return and of all other documentary evidence considered by the court on the hearing, (3) a transcript of the oral evidence, if any, taken upon said hearing, and (4) a copy of the order of the court made in the final determination of the matter." On taking their appeal the respondents asked for said transcript. Thereafter one was prepared, certified and filed and no objection has been made thereto. It follows that the attacks made by the petitioner on the manner in which his term was fixed are not before us and may not be considered.

The order granting petitioner's application and ordering him discharged is reversed.

Nourse, P. J., and Spence, J., concurred.