[Crim. No. 1300.   Third Appellate District.—December 1, 1933.]

In the Matter of the Application of ROBERT SOMMERS for a Writ of Habeas Corpus.

542

Robert Sommers, *in pro. per.,* for Petitioner.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

THOMPSON, J.—The petitioner was convicted of the crime of forgery and sentenced to imprisonment at Folsom state prison, where he was received October 21, 1924. His term was subsequently fixed by the prison board at five years' imprisonment. June 11, 1927, he was granted parole. For violation of the terms of his parole, the credits and parole were forfeited and canceled October 29, 1927. The petitioner failed to return to the state prison to complete his sentence, but continued to violate his parole by absconding and concealing his whereabouts from the prison authorities. He thereby became a fugitive from justice. The prison authorities had no knowledge of his whereabouts until he was arrested at Los Angeles on June 12, 1931, convicted and sentenced to one year imprisonment in the county jail for the commission of a subsequent offense. After the expiration of his term of imprisonment in the county jail at Los Angeles, he was returned to Folsom to complete the service of his term in that institution. It is contended the petitioner is entitled to his discharge from custody for the reason that the five-year term of imprisonment fixed by the prison board has expired.

The petitioner's term of imprisonment at Folsom state prison has not expired, and he is therefore not entitled to be discharged.

■ After the petitioner's parole was revoked October 29, 1927, it became his duty to present himself to the prison authorities at Folsom to complete his sentence of imprisonment in that institution. He had then served but three years of his term. He thereafter wilfully absented himself from that prison, and thereby became a fugitive from justice. One may not claim the benefit of the running of a sentence of imprisonment while he wilfully remains outside the prison without the sanction of the prison authorities and while he is a fugitive from justice. (*In re Forbes,* 108 Cal. App. 683 [292 Pac. 142].)

■ Nor is the petitioner entitled to credit for the running of his term of imprisonment in the state prison for the period of time during which he was serving sentence in the Los Angeles county jail for the commission of a subsequent offense after his parole had been rescinded. (*In re Forbes, supra; In re Daniels,* 110 Cal. App. 638 [294 Pac. 735].)

The running of petitioner's term of imprisonment in the state prison was suspended during the period of time during which he was absent from that institution without authority of the prison officers after his parole was canceled. He has therefore not completed his term of imprisonment at Folsom state prison, and is lawfully held as a prisoner of that institution pursuant to the original judgment of commitment.

The writ of *habeas corpus* is denied.

Pullen, P. J., and Plummer, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 28, 1933.