[Crim. No. 1578. Third Appellate District.—September 23, 1937.]

In the Matter of the Application of FRANK FALCONI, for a Writ of Habeas Corpus.

Frank Falconi, *in pro. per.*, for Petitioner.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

THOMPSON, J.—Upon *habeas corpus* the petitioner seeks to be discharged from custody on the theory that his term of imprisonment has been fully served. Upon conviction of the crime of robbery the petitioner was committed June 25, 1917, to state prison at San Quentin, and later transferred to Folsom, for a term of twenty years. September 28, 1926, he was released on parole, subject to certain specified terms and conditions, among which was the requirement that he report periodically. For failure to comply with the conditions fixed by the prison board, his parole was revoked January 14, 1928. The petitioner failed to present himself for imprisonment at the state prison to complete his sentence after the termination of his parole, but continued to remain at large until September 14, 1930, when he was apprehended and again imprisoned. The prisoner remained at large two years and eight months after his parole was revoked before he was returned to state prison.

It is contended the petitioner is entitled to be discharged from custody because more than twenty years have elapsed since his commitment June 25, 1917, and that the prison board was without legal authority to suspend his parole or revoke his credits for violation of parole conditions occurring outside of the state prison for the reason that such conditions were not a part of the "rules and regulations *of the prison*".

The petitioner has not fully served the term for which he was committed to state prison, and is therefore not entitled to be discharged from custody. In computing the term of imprisonment which has been served, the petitioner is entitled to credit for the time between September 28, 1926, and January 14, 1928, during which he was lawfully at liberty on

parole. (*In re Forbes,* 108 Cal. App. 683 [292 Pac. 142].)
After his parole was revoked on January 14, 1928, it was his
duty to immediately present himself to the prison authorities
at Folsom to complete his sentence of imprisonment in that
institution. He is not entitled to credit upon the term of
his sentence for that period of time from January 14, 1928,
to September 4, 1930, during which he unlawfully remained
away from Folsom state prison after the revocation of his
parole. During the last-mentioned period of time the peti-
tioner is deemed to have been a fugitive from justice. In
*In re Sommers,* 135 Cal. App. 541 [27 Pac. (2d) 649], it is
said in that regard:

"After the petitioner's parole was revoked October 29,
1927, it became his duty to present himself to the prison au-
thorities at Folsom to complete his sentence of imprisonment
in that institution. He had then served but three years of
his term. He thereafter wilfully absented himself from that
prison, and thereby became a fugitive from justice. One may
not claim the benefit of the running of a sentence of impris-
onment while he wilfully remains outside the prison without
the sanction of the prison authorities and while he is a fugitive
from justice. (*In re Forbes,* 108 Cal. App. 683 [292 Pac.
142].)"

▮ The condition imposed by the prison board upon the
parole of the petitioner requiring him to report periodically
to the parole officer was a valid exercise of authority. It was
a part of the rules and regulations of the prison, a breach of
which authorized the prison board to revoke his parole. (*In
re Taylor,* 216 Cal. 113 [13 Pac. (2d) 906]; *In re Stanton,*
169 Cal. 607 [147 Pac. 264].)

The writ is denied.

Plummer, J., and Pullen, P. J., concurred.