[Crim. No. 3889. Second Dist., Div. Two. Feb. 6, 1945.]

In re FRANK C. PAYTON, on Habeas Corpus.

A. L. Oster for Petitioner.

Fred N. Howser, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

McCOMB, J.—This is an original application for a writ of habeas corpus on the ground that petitioner is being illegally held in custody.

The undisputed facts are these:

Petitioner is a parolee from San Quentin Prison. On

November 24, 1944, he was placed in the custody of the Sheriff of Los Angeles County at the instance of his parole officer. Thereafter at a meeting of the Adult Authority, held at San Francisco on December 8, 1944, an order* was made suspending petitioner's parole. Such order did not state the cause upon which the order of suspension was predicated.

██ Petitioner relies for his release upon this proposition: *That an order suspending a parole is invalid unless the*

---

*So far as material here the order read as follows:

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
ADULT AUTHORITY

Meeting of
December 8, 1944

EXCERPT FROM MINUTES OF MEETING
HELD ON THE ABOVE DATE

TO WHOM IT MAY CONCERN:

At a meeting of the Adult Authority held at the San Francisco Office, Ferry Building, on the above date, the following proceedings were had as will appear of record in the Official Book of Records on file in the office of the Executive Secretary, at San Francisco, upon approval of same by a majority of the members:

PAROLE SUSPENDED AND RETURN ORDERED:

The Chief State Parole Officer presented reports in writing in each of the below listed cases (these reports are now on file in the office of the Executive Secretary at the San Francisco office), charging that the below named prisoners had wilfully violated the terms and conditions of their paroles and tickets of leave, and recommended that the parole in each case be cancelled, suspended, and/or revoked:

PAYTON, Frank — San Quentin 64552

Due cause being shown by the Chief State Parole Officer, it is hereby ordered that the parole heretofore granted the above named and numbered prisoners be suspended pending investigation of the complaints filed.

It is further ordered that the Chief State Parole Officer shall return said prisoners to the custody of the Warden of the State Prison at San Quentin to abide further action the Adult Authority. . . .

In the event any of said prisoners shall be found in any state other than California, an application for a requisition for the return of said prisoners is hereby authorized and Allen Moore, Chief State Parole Officer, is hereby authorized to execute such application for and on behalf of the Adult Authority. . . .

ADOPTED: By the Affirmative votes of
LEWIS DRUCKER, Chairman, and
WALTER A. GORDON, Member
ATTEST:
January 17, 1945
(Signed)   E. A. Burkhart
E. A. BURKHART, Exec. Secretary
ADULT AUTHORITY

ATTEST:
December 11,
1944

*cause upon which the order suspending the parole is predicated is stated in the order of suspension.*

This proposition is tenable. It is the law in California that no parole shall be suspended without cause, which cause must be stated in the order suspending the parole. (Pen. Code, § 3063; *In re Knaesche,* 22 Cal.App.2d 667, 669 [72 P.2d 216].)

In the present case, since it is clear that the order suspending petitioner's parole did not state the cause upon which the order of suspension was based, petitioner is being illegally held and should be discharged.

For the reason stated it is ordered that petitioner be released from the custody of the Sheriff of Los Angeles County, subject, however, to the parole heretofore granted petitioner, and to all the conditions and restrictions contained therein.

Moore, P. J., concurred. Wood (W. J.), J., dissented.