[Crim. No. 4692.   In Bank.   May 10, 1946.]

In re FRANK C. PAYTON, on Habeas Corpus.

Robert W. Kenny, Attorney General, and Frank Richards, Deputy Attorney General, for Appellant.

Alexander L. Oster for Petitioner.

SHENK, J.—In this habeas corpus proceeding the People have appealed from an order of March 12, 1945, discharging the petitioner from custody.

On June 28, 1939, the petitioner was convicted on a charge of grand theft with the prior conviction of a felony. He was sentenced to imprisonment in the State Prison at San Quentin for the term prescribed by law. He entered the prison on January 27, 1940. The Board of Prison Terms and Paroles fixed his term at five years.

On November 12, 1941, the petitioner was released on parole. On June 9, 1943, a written report by a state parole officer was filed with the Board of Prison Terms and Paroles stating that the petitioner had been arrested on a charge of assault and battery committed upon the person of Miss Emens (also known as Mrs. Frank Payton) at a specified time and place, and recommending suspension of parole pending disposition of the charge. On June 14, 1943, the board suspended the petitioner's parole by a written order showing that the cause of suspension was wilful violation of the terms and conditions of parole as stated in the report of June 9th, and directed that the petitioner be re-arrested and be retained in custody pending the further order of the board.

On June 24, 1943, the petitioner was convicted of the charge of assault and battery and served a sentence therefor. On July 20, 1943, he was returned to the state prison to serve the unexpired portion of the five-year term imposed pursuant to the commitment for grand theft. On July 29, 1943, a supplemental report was filed with the board by the parole officer showing the conviction and sentence on the assault and battery charge, and containing three other charges of violation of the parole conditions, specifically, indulgence in the use of intoxicating liquors, cohabiting with Miss Emens who was not his wife and by whom he had had a child, and failure to support his minor children in the custody of his former wife from whom he was divorced. Between August 9 and 18, 1943, the petitioner was heard on the charges. He pleaded guilty to some and was found guilty as to others. The board thereupon affirmed its prior action of June 14th suspending parole, and recommended to the State Board of Prison Directors that all credits earned or to be earned by the petitioner be forfeited. On September 23, 1943, at a meeting of the State Board of Prison Directors, the recom-

mendation was approved and all credits earned or to be earned by the petitioner were declared forfeited.

On March 2, 1944, the petitioner was again released to serve the balance of his term on parole. Again he violated the conditions, and on December 8, 1944, the Adult Authority cancelled his parole. That cancellation was declared invalid by the District Court of Appeal on February 6, 1945, on the ground that the order did not state the cause of cancellation as required by section 3063 of the Penal Code. (*In re Payton,* 67 Cal.App.2d 835 [155 P.2d 837].) On February 9, 1945, the Adult Authority made a corrected order cancelling the petitioner's last parole and refixing his sentence at the maximum.

The validity of the order of February 9, 1945, is not in question if it was made prior to the expiration of the petitioner's term. It is contended that it was made after the expiration of the term originally fixed by the board at five years from January 27, 1940. If the order of June 14, 1943, suspending parole be invalid, then the thirty-five days intervening between the date of that order and the petitioner's subsequent return to prison were lawfully spent on parole. In such case the thirty-five days may not be added to the time required to be served, and his term expired on January 27, 1945, before there was an order redetermining his sentence at the maximum. If the order of June 14th be valid then, for the period of thirty-five days and until his return to state prison, the petitioner was a fugitive from justice and that time must be added to the five-year period of his sentence as originally fixed. (Pen. Code, § 3064; *In re Falconi,* 22 Cal.App.2d 604, 605 [71 P.2d 948].) So considered, his term had not expired when the Adult Authority redetermined his sentence at the maximum, in which event the trial court was in error in releasing the petitioner in this proceeding.

To support the trial court's order in his favor the petitioner contends that the order suspending parole of date June 14, 1943, was in substantially the same language and for all purposes identical with the order of December 8, 1944, which was held invalid in *In re Payton, supra* (67 Cal.App.2d 835).

The contention is answered by the decision of this court in *In re Etie,* 27 Cal.2d 753 [167 P.2d 203]. Three propositions were necessarily determined by that decision and are controlling here, viz: (1) That a charge of violation

of parole conditions based on an official accusation of a violation of a provision of the Penal Code is proper ground for suspending parole. ■ As there determined the order is preliminary in nature, "pending investigation" and the outcome of the prosecution of the charge. Its finality is determined by the appropriate board or authority when the truth of the charge is shown by conviction and an order of affirmance is made. If the prosecution culminate in acquittal, and no other charges support the suspension, it is to be assumed that the proper authority will vacate the preliminary order suspending parole. ■ (2) That such a preliminary order of suspension is in substantial compliance with section 3063 of the Penal Code requiring that the cause for suspension be stated in the order, when, as here, the order shows that the cause of suspension consisted of violations of the terms and conditions of parole and refers to a report on file specifying the facts in detail. ■ (3) That under the provisions of section 1404 of the Penal Code neither a departure from the form or mode prescribed by the code in respect to any pleading or proceeding, nor an error or mistake therein, renders the proceeding invalid unless it has actually prejudiced the defendant. Here the order of suspension of June 14, 1943, showed that the reason for the suspension "pending investigation" was the violation of the terms and conditions of parole as set forth in the report of the state parole officer in that the petitioner had been arrested on a charge of having committed a crime on May 28, 1943. The conviction on that charge was therefore the basis for the final order of suspension. The petitioner was fully apprised of all of the charges against him and was granted hearings thereon prior to the board's action of August, 1943, affirming the order of suspension dated June 14, 1943, and prior to the order of September 23, 1943, by which the petitioner's credits were forfeited. The record thus discloses that the petitioner was not prejudiced by the asserted departure from the requirements of section 3063. It follows that the suspension of parole of June 14, 1943, was valid, and that the petitioner's term of imprisonment had not expired at the time of the order of February 9, 1945, refixing his sentence at the maximum.

The order appealed from is reversed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.