[Crim. No. 1967. Third Dist. June 21, 1946.]

In re RUDOLF D. BORGFELDT, on Habeas Corpus.

Rudolf D. Borgfeldt, in pro. per., for Petitioner.

Robert W. Kenny, Attorney General, and James O. Reavis, Deputy Attorney General, for Respondent.

ADAMS, P. J.—The petition for writ of habeas corpus filed in this proceeding alleges that petitioner was received at San Quentin Prison on August 11, 1942, after having been convicted of a

violation of section 503 of the Vehicle Code; that on August 18, 1943, his term of imprisonment was fixed at the maximum term of five years, with parole granted the last fifteen months; that he was granted credits amounting to 151 days, and released on parole August 11, 1944, with his discharge date fixed as of October 12, 1945; that prior to the expiration of such term and while on parole he was convicted of a violation of section 502 of the Vehicle Code; that a portion of the sentence imposed upon that conviction was suspended and he was taken to the State Prison at Folsom on August 3, 1945; that his parole had been suspended on July 13, 1945; that adding the twenty days elapsing between that date and the date of his return to his original discharge date, his term of imprisonment with benefit of credits granted expired not later than October 31, 1945; that no order of forfeiture of his credits earned was made until after his term, as originally fixed, had expired, and that he was therefore entitled to his discharge.

The writ prayed for having issued, an answer and return thereto was filed by the warden, and hearing was had before this court. From the record now before us it appears that before his parole was granted, and as a condition thereof, petitioner agreed, among other things, to refrain from violating any of the penal laws of the state, and it was specifically provided and agreed that should he violate his parole in any way all of his credits earned might be forfeited, his parole suspended or revoked, and his term of imprisonment increased by the Adult Authority. On July 12, 1945, it was recommended to the Adult Authority by the Chief State Parole Officer that petitioner's parole be suspended because of stated violations thereof, including his conviction of violation of section 502 of the Vehicle Code on July 11, 1945. On July 13, 1945, the Adult Authority suspended the parole, ordered petitioner's return to the warden at Folsom, and further ordered that, in accordance with a resolution adopted by the Board of Prison Terms and Paroles and readopted by the Adult Authority on May 1, 1944, the prisoners listed in the order (including Borgfeldt) who had terms set at less than the maximum should be considered as serving the maximum until the further order of the Authority.

Under this order Borgfeldt's term will not expire until August 11, 1947.

On July 19, 1945, the Authority adopted a resolution that

no credits be allowed parole violators while charges of violation of their parole were under investigation. On December 13, 1945, petitioner's parole was formally revoked, parole was denied, all his credits earned and to be earned were forfeited and his case was put upon the August, 1946, calendar.

Petitioner's contention is that as his term was originally fixed to expire October 12, 1945, even if for twenty days of the time he was on parole he was to be considered as a fugitive, nevertheless the term expired October 31, 1945, and the order of the Authority made on December 13, 1945, was therefore made after the term had expired, and was invalid under the authority of *In re Shull,* 23 Cal.2d 745 [146 P.2d 417].

We think that petitioner misreads the decision in that case for the facts therein are entirely different from those before us. There, after the prisoner's term as originally fixed on one of two judgments under which he was serving imprisonment, as reduced by credits granted, had expired, the prisoner violated a regulation of the prison and all of his credits were declared forfeited. It was this forfeiture for conduct on the part of the prisoner occurring after the expiration of the reduced term which was held to be in excess of the power of the board. In the case before us Borgfeldt's term, even under his own statement, had not expired when the acts for which his parole was revoked and his term refixed at the maximum were committed. That decision is inapplicable here, for petitioner's term was redetermined on July 13, 1945.

Section 3020 of the Penal Code, enacted in 1941, provides that in the case of all persons thereafter sentenced under the provisions of section 1168 of that code, the board may determine and *redetermine* after the expiration of six months from and after the actual commencement of imprisonment, what length of time such person may be imprisoned; and in the recent case of *In re Etie,* 27 Cal.2d 753 [167 P.2d 203], it was held that such action could be taken without notice or hearing. It was there said, at page 758:

''From 1931 to 1941 section 1168 of the Penal Code gave the Board of Prison Terms and Paroles the power to redetermine a sentence, and a redetermination on the ground of the infraction of the rules of the prison or the violation of the terms of parole could not be made except after a hearing, at which the prisoner was entitled to be present and produce evidence and witnesses in his behalf. In 1941 (Stats. 1941, p. 1080), the provision for a hearing in the event of such a redetermina-

tion was eliminated, and under section 3020 of the Penal Code the board had power to redetermine the length of time of imprisonment within the minimum and maximum terms in any case without notice or hearing.'' Also see *In re Payton,* 28 Cal.2d 194, 196 [169 P.2d 361].

▮ Petitioner also contends that he was not given a hearing before his parole was revoked and his credits forfeited, and that the Authority therefore violated sections 3060 and 2924 of the Penal Code. However, section 3060 gives the Authority power to suspend, cancel, or revoke a parole without notice, and if it be assumed that petitioner's credits were revoked by virtue of the resolution of the Authority of July 19, 1945, under petitioner's own statement he was on that date outside the prison walls as an escapee and a fugitive from justice—having violated the terms of his parole—and therefore was not entitled to a hearing under section 2924, *supra.* And on December 13, 1945, when his credits were formally forfeited the record shows that he was present and pleaded guilty to violation of his parole.

We conclude that the Authority acted within its powers in redetermining petitioner's sentence and suspending his parole on July 13, 1945, and that his credits were revoked within the term of his imprisonment and upon notice and hearing. Therefore, the writ heretofore issued is discharged, and the prisoner is remanded.

Thompson, J., and Peek, J., concurred.