Jerald Dee **SARTAIN**, Appellant,

v.

Peter **PITCHESS**, Sheriff, Appellee.

No. 20492.

United States Court of Appeals Ninth Circuit.

Nov. 10, 1966.

Rehearing Denied Jan. 17, 1967.

John Alan Montag, Los Angeles, Cal., for appellant.

Thomas Lynch, Atty. Gen., Jack K. Weber, Asst. Atty. Gen., Los Angeles, Cal., for appellee.

Before BARNES and KOELSCH, Circuit Judges, and THOMPSON, District Judge.

PER CURIAM:

The facts of this case are undisputed. Appellant appeals from the denial of his petition for a writ of habeas corpus. After conviction of forgery in the California state courts, appellant was thereafter paroled by the Adult Authority of that state. He was subsequently arrested by federal authorities and charged with robbery, in the United States District Court of Southern California. He was convicted, and appealed. His bond was fixed at $25,000 pending appeal. A "hold" or "detainer" was placed on appellant by a California parole agent, "preventing appellant from securing bail."

Appellant urges but one question of law—whether a California parole agent has authority to place the "hold" on him.

A prisoner on parole in in *custodia legis*, and no warrant is needed to arrest a parolee who is already a prisoner.

"A prisoner released on parole is not a free man. * * * Section 3056 of the [California] Penal Code provides that prisoners on parole shall re-

main under the legal custody of the State Board of Prison Directors and shall be subject *at any time* to be taken back within the enclosure of the prison." People v. Denne, 141 Cal. App.2d 499, 507–510, 297 P.2d 451, 456 (1956). (Emphasis by the court.) When a parolee is already in physical custody of authorities, a "hold" is the customary and proper method to reassert his obligation to the parole board; and is issued by the parole officer. People v. Goss, 193 Cal.App.2d 720, 726, 14 Cal. Reptr. 569, 572–573 (1961); In re McLain, 55 Cal.2d 78, 87, 9 Cal.Rptr. 824, 830, 357 P.2d 1080 (1960).

Appellant assumes there has been a revocation of parole. No proof that there has been such a revocation is before us; merely a "hold."

" * * * [A] charge of violation of parole conditions based on an official accusation of a violation of a provision of the Penal Code is proper ground for suspending parole. * * * [T]he order is preliminary in nature, 'pending investigation' and the outcome of the prosecution of the charge. Its finality is determined by the appropriate board or authority when the truth of the charge is shown by conviction and an order of affirmance is made. If the prosecution culminate [sic] in acquittal, and no other charges support the suspension, it is to be assumed that the proper authority will vacate the preliminary order suspending parole." In re Payton, 28 Cal.2d 194, 196–197, 169 P.2d 361, 363 (1946).

██ Appellant urges that an appeal has been taken from the federal conviction—and his conviction has therefore not become final. In California, an official accusation of crime while one is on parole is, in and of itself, proper ground for suspending parole. In re Payton, supra. Nor can we assume the "hold" was issued *only* because of the federal charges made against appellant. (Other charges are mentioned in appellee's brief.)

Appellant further urges his right to be released on bail, because a fugitive from justice from another state has (not the right to bail, as appellant asserts, but) an opportunity to have bail set, pending the determination of the extradition proceedings. No extradition is here involved, and we find no unjust discrimination.

We affirm the denial of the writ of habeas corpus.