[Crim. No. 8072. Fourth Dist., Div. One. Apr. 21, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
JERRY WAYNE KNIGHT, Defendant and Appellant.

**COUNSEL**

Paul Bell, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield and Alan S. Meth, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**\*—Jerry Wayne Knight appeals a judgment entered on jury verdicts convicting him of three counts of first degree robbery (Pen. Code, § 211), one count of kidnaping (Pen. Code, § 207), and finding he used a firearm in the commission of all four offenses (Pen. Code, § 12022.5). Three prior felony convictions were alleged and proved, one of which was robbery committed with the use of a firearm.

Knight raises three issues. First, he contends post-arrest photographic identifications conducted with witnesses deprived him of due process. Second, he argues, even if such identifications are permissible, due process requires the presence of counsel to insure their fairness. Finally, he urges the Adult Authority improperly calculated his minimum sentence in violation of Penal Code section 3024, subdivision (d).

Knight was convicted of having robbed three restaurants within a two-day period and of having kidnaped a restaurant manager in the course of one of the robberies. He was apprehended within hours after the last robbery by police officers responding to an all-units broadcast. One officer observed a car meeting the reported vehicle description and positioned himself to observe the vehicle. The officer saw three white males approach the car on foot. As he drove toward them the suspects began to run. Knight was captured by other officers called for assistance when they encountered him running toward them in an alley.

After Knight was arrested and in custody, pictures were taken of him by the police and shown to witnesses of the robberies and kidnaping in a "photographic lineup" format. Identification sessions with four witnesses were conducted within two days of Knight's capture. A session was conducted with a fifth witness about two months later. All witnesses positively identified Knight as the perpetrator. All later made in-court identifications of Knight from their memories of the crimes.

Knight does not contend the photographic identifications were so suggestive and conducive to mistaken identification as to constitute reversible error. ■ Rather, he argues it is a denial of due process of law to conduct photographic identifications when corporeal lineups are possible, i.e., when a defendant is in custody and witnesses are available.

---

\*Before Brown (Gerald), P. J., Ault, J. and Cologne, J.

Whatever merit the proposed rule may have, it is not the law. In the recent case of *People* v. *Rist,* 16 Cal.3d 211, 217, footnote 5 [127 Cal.Rptr. 457, 545 P.2d 833], the Supreme Court of California clearly rejected defendant's contention. In *Rist,* as here, the defendant was identified by a witness in a photographic lineup conducted after the defendant was in custody. The court stated: "While we believe that it might have been preferable to hold a corporeal lineup rather than a photographic session as the first identification procedure (cf. *Simmons* v. *United States, supra,* 390, U.S. 377, 384 [19 L.Ed.2d 1247, 1253, 88 S.Ct. 967]), there was no denial of due process in the otherwise fairly conducted photographic identification."

■ Knight contends alternatively that if such identifications are permissible, due process of law requires counsel should be present to insure their fairness. Conceding there is no Sixth Amendment right to counsel at photographic identifications (*People* v. *Rist, supra,* 16 Cal.3d 211, 216-217; *United States* v. *Ash,* 413 U.S. 300, 321 [37 L.Ed.2d 619, 633, 93 S.Ct. 2568]), Knight urges such a right emanates from the due process clauses of the Fourteenth Amendment to the federal Constitution and article I, section 7, subdivision (a) of the California Constitution.

Knight cites no authority in support of his proposition. We conclude the argument must be rejected for the same reason that a criminal defendant does not have a Sixth Amendment right to counsel at photographic identifications. "As long as the photographs from which the witness made his identification are preserved and available at trial, counsel for the accused, by using them in cross-examination of prosecution witnesses, can easily reveal the possibility of prejudice and thereby impugn the identification testimony." (*People* v. *Lawrence,* 4 Cal.3d 273, 278-279 [93 Cal.Rptr. 204, 481 P.2d 212].) See also *People* v. *Rist, supra,* 16 Cal.3d 211, 217.

■ Knight's final complaint is the Adult Authority has miscalculated the additional minimum term attributable to this judgment under Penal Code sections 213, 12022.5, and 3024, subdivision (d). We are requested to take judicial notice of the Department of Corrections' sentencing calculation as an official act of the executive department of the state.

However, the action of which Knight complains took place after judgment. The alleged error of computation was not presented to the trial court and is not a part of the record on appeal. Moreover, the

agencies responsible for computing the additional minimum sentence for this judgment are not parties to the case and are therefore not available to defend their actions. We conclude Knight's proper course for seeking relief under such circumstances is administrative appeal and then habeas corpus, if necessary, rather than direct appeal from the judgment. (See *In re Montenegro,* 246 Cal.App.2d 515, 516-517 [54 Cal.Rptr. 865]; *In re Ward,* 227 Cal.App.2d 369 [38 Cal.Rptr. 650]; Witkin, Cal. Criminal Procedure, § 808(a), p. 780.)

In *People* v. *Hyde,* 49 Cal.App.3d 97 [122 Cal.Rptr. 297], upon which Knight relies, the court considered a situation in which the Adult Authority needed additional *factual* information (the number of days of presentence time to be credited) to properly calculate the sentence. The question had been presented to the trial court for determination, but the trial court declined to hear Hyde's motion. Appellate review was permitted under Penal Code section 1237, subdivision 2, which permits review of an "order made after judgment, affecting the substantial rights of the party." *Hyde* does not stand for the proposition that a defendant may challenge post-judgment Adult Authority action without first having presented the question to the trial court for consideration.

There is a second reason why *Hyde* is inapposite here. In that case the defendant requested the trial court to "supplement its judgment and advise the Adult Authority of *a simple fact*" without which the Adult Authority could not take the action which the statutory law obligated it to take (*People* v. *Hyde, supra,* 49 Cal.App.3d 97, 100 [italics ours]). The Court of Appeal held: "[T]he superior court has inherent power recognized in Code of Civil Procedure, section 128, and express statutory power under Code of Civil Procedure section 187, on motion of the defendant, the People or the Adult Authority, to supply such information ... to the Adult Authority ...." (*People* v. *Hyde, supra,* at p. 103.)

The court specifically recognized that: *"If the Adult Authority, after receipt of such information, fails to perform its statutory duty, habeas corpus would then be an appropriate remedy."* (*People* v. *Hyde, supra,* at p. 103.) [Italics ours.]

Since Knight is not contesting the accuracy of the judgment he received or seeking to have additional information supplied to the Adult Authority which is essential to the calculation of his sentence, but is rather contesting the manner in which the Adult Authority is applying Penal Code sections 213, 12022.5 and 3024, subdivision (d), to calculate

his minimum sentences, we conclude the post-judgment motion remedy described in *Hyde* is not available.

Because we conclude Knight's judicial remedy is by way of habeas corpus after a denial of administrative relief, we do not reach the merits of his third and final contention on this appeal.

Judgment affirmed.