[Crim. No. 8848. Fourth Dist., Div. One. Dec. 20, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD W. LYNN, Defendant and Appellant.

**COUNSEL**

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Stéphen J. Perrello, Jr., for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom and Alan S. Meth, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—Richard W. Lynn purportedly appeals the order denying modification of his sentence. He sought credit for time served in federal custody and vacation of the provision he submit to searches without a warrant.

Lynn was arrested for selling controlled substances by federal officers and his probation, granted after a conviction in federal court, was revoked. He was sentenced to a year and a day in federal custody. In state court Lynn pleaded guilty and was granted five years probation on the condition he serve one year in local custody, the time to run concurrently with the federal term. Lynn argued at the sentencing hearing he was

entitled to credit[1] for the time spent in federal custody under Penal Code section 2900.5. The court ruled against him. ■ At this point Lynn could have appealed the order granting probation, for review of the court's ruling on the credit issue and the inclusion of the search and seizure provision (Pen. Code, § 1237; *In re May,* 62 Cal.App.3d 165, 169 [133 Cal.Rptr. 33]). He did not appeal.

Instead, more than six months later, Lynn filed a motion to modify his sentence, again seeking credit for time served. His argument was the same as the one made earlier. The motion was denied. It is this order denying modification which Lynn appeals. However, Lynn had the right to appeal the original order granting probation which he failed to do. He cannot now allege claims of error, which should have been raised at an earlier time (*People* v. *Munoz,* 51 Cal.App.3d 559, 563 [124 Cal.Rptr. 322]). To permit this would allow Lynn to greatly extend the period for filing an appeal through bootstrapping.

While *People* v. *Hyde* (1975) 49 Cal.App.3d 97, 102-103 [122 Cal.Rptr. 297], approves the "motion and appeal" procedure utilized in this case, *Hyde* dealt with a situation where it was necessary for the court to fashion a remedy because the statutes dealing with credits for time served failed to provide adequate procedures for determining the credits. In 1976, Penal Code section 2900.5 was amended to require the sentencing court to determine the total number of days credit to which the defendant is entitled. The remedy lacking when *Hyde* was decided is now available at sentencing and review may be had on appeal from the judgment.

The appeal is dismissed.

Staniforth, J., and Harelson, J.,* concurred.

A petition for a rehearing was denied January 3, 1979, and appellant's petition for a hearing by the Supreme Court was denied February 14, 1979.

---

[1]Lynn says he should get 173 days credit while the People say, if granted, it should only be 166 days.

*Assigned by the Chairperson of the Judicial Council.