[No. F005963. Fifth Dist. Dec. 8, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
RAFAEL MENDOZA, Defendant and Appellant.

COUNSEL

R. Bruce Finch, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Eddie T. Keller and Gelacio L. Bayani, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BALLANTYNE, J.—

### INTRODUCTION

The defendant seeks review of postjudgment sentencing credits on appeal of an order denying his motion for relief by the sentencing court.

The procedural issue to be decided is whether a defendant may appeal from a motion to calculate postjudgment credits.

### FACTS AND PROCEEDINGS BELOW

The defendant was received by the state from Kings County seven days after sentencing. He was accepted into a full-time credit qualifying assignment as a dairyman on July 3, 1984, 50 days after arrival to Soledad.[1]

---

[1]The appellant requests that this court take judicial notice of certified copies of Department of Corrections records documenting the progress of the defendant from county to state prison. An earlier judicial notice motion was denied by this court without prejudice because the defendant had failed to supply certified copies of the records. The People raised no objection to this court taking judicial notice of the records. The motion is granted. (*People* v. *Thacker* (1985) 175 Cal.App.3d 594, 598 [221 Cal.Rptr. 37]; *People* v. *Preslie* (1977) 70 Cal.App.3d 486, 492-495 [138 Cal.Rptr. 828].)

On May 9, 1985, the defendant in propria persona filed an ex parte application for back-time credits. That same day, the trial court issued an order denying the writ because "no basis in law is shown." The trial court apparently treated the motion as a writ. On July 8, 1985, the defendant filed his notice of appeal from the trial court's order.

Notwithstanding authority limiting appellate review of postjudgment sentencing credits, the defendant urges this court to consider his appeal perfected. The defendant further urges that this court find that his failure to exhaust administrative remedies is justified because such a recourse would have been futile. Defendant argues that he is denied equal protection because he was denied one-for-one credits for his postsentence local detention (seven days) and state prison process time (fifty days).

The People respond that the notice of appeal was untimely. They further contend that defendant's plea to receive one-for-one credits is defective because he failed to exhaust his administrative remedies. Finally, the People contend that there was no violation of equal protection.

DISCUSSION

I.

REVIEWING POSTSENTENCE WORKTIME CREDITS.

Following the procedure set forth in *People* v. *Hyde* (1975) 49 Cal.App.3d 97 [122 Cal.Rptr. 297], the defendant asserts that he used correct review procedures below and on appeal. *Hyde* authorized the use of a motion-appeal procedure for review of presentence credits. Alternatively, the defendant requests that this court treat the appeal as a writ of habeas corpus. Such a procedure can be used by appellate courts to test jurisdictional challenges to trial court authority. (See *People* v. *Roe* (1983) 148 Cal.App.3d 112, 118-119 [195 Cal.Rptr. 802].)[2]

The case authority interpreting sentence review procedures is somewhat confusing. It can be reconciled by analyzing the history of the problem.

In 1976, Penal Code section 2900.5 was amended to require trial courts to determine the total amount of presentence credit entitled a convicted

---

[2]Applying liberal standards of review, *Hyde* ignores the fact that under normal appellate procedure a defendant must perfect an appeal within 60 days. (See Cal. Rules of Court, rule 31(a).) The defendant at bar waited one year to file this action. If the motion-appeal procedure is followed, rule 31(a) would not apply.

defendant. (*People* v. *Lynn* (1978) 87 Cal.App.3d 591, 593 [151 Cal.Rptr. 562].) Before the amendment, there was no procedural mechanism for a criminal defendant to seek judicial review of presentence credits calculated by the Adult Authority.

Faced with potential injustice in cases in which the defendant was entitled to such credits, the *Hyde* court found that trial courts had inherent authority under Penal Code section 1237, subdivision 2, to hear motions to correct miscalculation of presentence credits made by the penal system. The appellate court reasoned that Hyde was merely asking the trial court to supplement its judgment with factual data uniquely under the trial court's control. The *Hyde* court found that nearly any procedure was proper to review presentence credit calculations because the trial court controls its own judgments: "Under Code of Civil Procedure section 128, 'Every court shall have power: . . . . To compel obedience to its judgments, orders and process . . . . in an action or proceeding pending therein.' . . . Such order (specifying amount of presentence time in custody the defendant is entitled to credit for) would be reviewable under Penal Code section 1237, subdivision 2, as an order after judgment affecting the substantial rights of the party.

". . . . . . . . . . . . . . . . . . . . . . .

"Since the right claimed by appellant in the case at bar is clear from the outset, we see no reason in logic or common sense why the question may not be addressed to the sentencing court directly regardless of what the process (motion or petition for writ of habeas corpus or petition for writ of *coram nobis*) may be called." (49 Cal.App.3d at pp. 103-104.)

When Penal Code section 2900.5 was amended to require trial courts to calculate presentencing credits as part of the sentencing process, courts began to limit the broad holding in *Hyde*. Defendants could still seek review of sentencing error by appeal. After the period for appeal had passed, as it had in the *Hyde* case, a defendant's only right to review of sentencing miscalculations was by petition for habeas corpus. A postjudgment motion remedy was specifically found to be unavailable in *People* v. *Knight* (1976) 57 Cal.App.3d 515, 519-520 [129 Cal.Rptr. 259] and in *People* v. *Lynn, supra*, 87 Cal.App.3d 591, 593. *Lynn* specifically found that: "At this point Lynn could have appealed the order granting probation, for review of the court's ruling on the credit issue and the inclusion of the search and seizure provision. [Citations.] He did not appeal.

"Instead, more than six months later, Lynn filed a motion to modify his sentence, again seeking credit for time served. His argument was the same

as the one made earlier. The motion was denied. It is this order denying modification which Lynn appeals. However, Lynn had the right to appeal the original order granting probation which he failed to do. He cannot now allege claims of error, which should have been raised at an earlier time [citation]. To permit this would allow Lynn to greatly extend the period for filing an appeal through bootstrapping.

"While *People* v. *Hyde* (1975) 49 Cal.App.3d 97, 102-103 . . . approves the 'motion and appeal' procedure utilized in this case, *Hyde* dealt with a situation where it was necessary for the court to fashion a remedy because the statutes dealing with credits for time served failed to provide adequate procedures for determining the credits. In 1976, Penal Code section 2900.5 was amended to require the sentencing court to determine the total number of days credit to which the defendant is entitled. The remedy lacking when *Hyde* was decided is now available at sentencing and review may be had on appeal from the judgment." (87 Cal.App.3d at p. 593.)

*Lynn* was followed in *People* v. *Olken* (1981) 125 Cal.App.3d 1064, 1067 [178 Cal.Rptr. 497]. *Lynn* was criticized in *People* v. *Underwood* (1984) 162 Cal.App.3d 420, 423 [208 Cal.Rptr. 623]. *Underwood* distinguished *Lynn* on the ground that it failed to address the issue of whether a defendant could permanently waive credits by the simple failure to file an appeal. The *Lynn* court's dismissal of the appeal was discussed and rejected in *Underwood*: "*Lynn* gave no consideration to whether on a record suggesting that the request for credit has merit, the failure timely to raise it would be remediable under constitutional principles if not by belated application under the statutes governing presentence custody credit. *Lynn* did not consider whether a defendant could permanently waive credits to which he was otherwise entitled by the simple failure to file a notice of appeal. Unlike this case, *Lynn* involved a defendant who was on probation and who was not then serving the sentence on which credit was sought. Moreover, here the credit issue was not fully argued and the full facts concerning it were not presented at the sentencing hearing. The trial court did not fulfill its statutory obligation to ascertain the appropriate amount of presentence custody credits to which defendant was entitled. We decline to apply *Lynn* under the circumstances of this case." (162 Cal.App.3d at p. 423.)

*Underwood,* however, involved an issue of presentence credits for an escaped felon who was captured and incarcerated for some time in a sister jurisdiction. To the extent that *Underwood* and *Hyde* conflict with *Knight* and *Lynn* regarding correct trial court and appellate review of presentence errors, this court need not resolve the disharmony.

The issue in the instant action is whether courts have the authority to review postsentence credits by a motion-appeal procedure. Both *Underwood*

and *Hyde* involved calculation of presentence credits. ██ Presentence credit evaluation requires factual findings based on information uniquely under the control of the trial courts. Trial courts do not have the same information available to calculate postsentence credits. ██ Such information is determined by the prison authorities. One-for-one worktime credits must be calculated initially by the prison authorities who are authorized to grant them in the first instance. *People* v. *Chew* (1985) 172 Cal.App.3d 45 at pages 50-51 [217 Cal.Rptr. 805] specifically ruled that it is an abuse of discretion for a trial court to calculate postsentence credits before there has been an administrative review of the credits: "[C]ode sections (§§ 2930-2935) assign to the Director of Corrections the duty of determining prison behavior and worktime credits, including the determination of appropriate worktime credits while the defendant is away from prison awaiting resentencing. Provision is also made for administrative review of these prior credit determinations. Therefore, a sentencing court abuses its discretion when it attempts to determine prison behavior and worktime credits earned to date, except when it is done after the administrative process is completed."

Here, the defendant concedes that he never raised to the prison authorities the question of whether he was entitled to full worktime credits for the 50-day period he was willing and able to work but for which he was still being processed. He argues that Penal Code section 2933 and California Administrative Code, title 15, section 3043, subdivisions 3 and 4, provide that the Department of Corrections has no authority to award the credits defendant seeks.

██ The California Administrative Code sections, however, merely discuss the ways in which a defendant may earn or lose his or her privilege to worktime credits. The defendant acknowledges, as he must, that the Department of Corrections has created an appeal procedure through title 15, section 3003 et sequitur. The Department of Corrections had the authority to refute the defendant's claim but was never presented with the issue.

It is the duty of the Director of Corrections to first review all claims for worktime credits. The defendant must exhaust all administrative remedies before seeking judicial review of his claim for worktime credits. (*People* v. *Chew, supra,* 172 Cal.App.3d at p. 52; *In re Muszalski* (1975) 52 Cal.App.3d 500, 503-508 [125 Cal.Rptr. 286].)

██ The defendant entirely failed in his motion before the trial court to give any reason why he could not first pursue his administrative remedies. His verified declaration makes no statement as to why administrative remedies were not originally sought. He cannot now on appeal raise for the

first time futility of exhausting administrative remedies. It is an abuse of discretion for the trial court under *Chew* to review postsentence credits without a prior determination of the issue by the Department of Corrections.

Consequently, the motion-appeal procedure followed by the defendant was improper. Defendant must first bring all worktime credit issues to the Department of Corrections pursuant to title 15, section 3003 et sequitur, for the reasons set forth in *People* v. *Chew, supra,* 172 Cal.App.3d at pages 50-52. If the dispute remains unresolved, the defendant may then petition the trial court for habeas corpus relief.

Although this defendant argues that our court should treat his appeal as a habeas corpus petition, the request is denied because the record is devoid of sufficient factual information to evaluate the substantive merits of his claim. The trial court properly treated the defendant's motion below as a habeas corpus petition, as it was required to do under *Chew*. The claim could come before the trial court again as a habeas corpus petition. The trial court's original ruling would not prevent a renewed petition by the defendant.

In conclusion, criminal defendants cannot use the motion-appeal procedure when seeking review of *postsentence* credits. Defendants must first seek review from the prison authorities. After all administrative remedies have been exhausted, defendants may then seek trial court review of their grievances through a properly filed petition for writ of habeas corpus.[3]

## DISPOSITION

The judgment is affirmed. The defendant's request to have this appeal considered as a petition for writ of habeas corpus is denied without prejudice.

Franson, Acting P. J., and Hamlin, J., concurred.

---

[3]One more issue not raised by the parties should be noted. The records submitted from the Department of Corrections indicate that the defendant was eligible for release on March 5, 1986. Aside from the fact that the record is unclear as to whether the defendant was actually released, the issue of credits is not moot even if the defendant was released as scheduled. Sentence credits may reduce parole periods. (See *In re Reina* (1985) 171 Cal.App.3d 638, 642 [217 Cal.Rptr. 535].)