Filed 10/11/13  P. v. Macias CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

THE PEOPLE,

Plaintiff and Respondent,

v.

LORENZO BALLADARES MACIAS,

Defendant and Appellant.

F066301

(Super. Ct. No. 1408086)

**OPINION**

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Linda A. McFadden, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Cornell, J. and Detjen, J.

On August 27, 2010, appellant, Lorenzo Balladares Macias, pursuant to a plea agreement, pleaded no contest to unlawfully taking or driving a motor vehicle (Veh. Code, § 10851, subd. (a)) and admitted an allegation that he had suffered a "strike."[1] The terms of the plea agreement included the following: Appellant would receive a prison sentence of 32 months, provided that he, inter alia, return to court for sentencing on November 1, 2010, but the court could impose a prison term of up to six years if appellant did not return to court on that date.

On November 1, 2010, appellant failed to appear for sentencing, and a warrant for his arrest was issued.

On October 10, 2012, appellant appeared in court, at which time the court imposed a prison sentence of four years, consisting of the two-year midterm on the instant offense, doubled pursuant to the three strikes law (Pen. Code, §§ 667, subd. (e)(1); 1170.12, subd. (c)(1)).

Appellant filed a timely notice of appeal. He did not request, and the court did not issue, a certificate of probable cause (Pen. Code, § 1237.5).

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.)

Appellant has responded to this court's invitation to submit additional briefing by submitting a letter, the contents of which we discuss below. We affirm.

---

[1] We use the terms "strike," in its noun form, and "strike conviction" as synonyms for "prior felony conviction" within the meaning of the "three strikes" law (Pen. Code, §§ 667, subds. (b)-(i); 1170.12), i.e., a prior felony conviction or juvenile adjudication that subjects a defendant to the increased punishment specified in the three strikes law.

**FACTS**

The prosecutor, in stating the factual basis for appellant's plea, stated that on August 30, 2009, "[appellant] drove his friend's [car] after having stolen it with intent to deprive the owner of title to and possession of said vehicle …."

**DISCUSSION**

In his letter to this court, appellant asks this court to strike his strike conviction under Penal Code section 1385. However, appellant did not make such a request, commonly called a *Romero* motion, in the trial court. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530.) Therefore, he may not do so on appeal. (*People v. Carmony* (2004) 33 Cal.4th 367, 375–376 [a defendant's failure to request that the trial court exercise its discretion to dismiss or strike a conviction under *Romero* "waives or forfeits his ... right to raise the issue on appeal"].)

Appellant also asserts in his letter, as best we can determine, that the Department of Corrections and Rehabilitation (DCR) has incorrectly computed his post-sentence conduct credits. Appellant apparently bases this contention on the provisions of the three strikes law that limit to 20 percent the conduct credits a defendant sentenced under the three strikes law may earn while in prison custody. (See Pen. Code, §§ 667.5, subd. (c)(f); 1170.12, subd. (a)(5).) Appellant, it appears, asserts that the 20 percent post-sentence credits limitation does not apply to him because he has suffered one strike. He is incorrect on this point. The 20 percent limitation on post-sentence conduct credits applies to all persons sentenced under the three strikes law, including those with only one strike. (Pen. Code, § 1170.12, subd. (a)(5).)

Appellant's claim fails, however, for a more fundamental reason. His appeal is from the judgment, i.e., his conviction and sentence, and the trial court properly did not award appellant post-sentence conduct credits. (See *People v. Mendoza* (1986) 187 Cal.App.3d 948, 954 [director of DCR has the duty of determining post-sentence custody

credit].) Any challenge to appellant's post-sentence credits is therefore not cognizable on this appeal.

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.