Filed 5/6/15  P. v. Anderson CA2 /6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B254565 |
| Plaintiff and Respondent, | (Super. Ct. No. F456053) |
| | (San Luis Obispo County) |
| v. | |
| JASON ANDREW ANDERSON, | |
| Defendant and Appellant. | |

Jason Andrew Anderson was civilly committed to Atascadero State Hospital (ASH) after he was found not guilty by reason of insanity on charges in an unrelated case.  During that commitment, Anderson pled no contest to two counts of assault on a hospital staff member by means of force likely to produce great bodily injury.  (Pen. Code, § 245, subd. (a).)[1]  He was sentenced to two years in state prison, with no credit for time served, and then remanded to ASH pursuant to the civil commitment.

Two years later, while still under the commitment, Anderson filed a motion for clarification of sentencing terms and custody credits.  He sought to avoid the prison term by receiving credit for time spent at ASH or, alternatively, by serving his sentence at ASH.  The trial court determined it lacked authority to grant either request, but issued a

---

[1] All statutory references are to the Penal Code unless otherwise stated.

"recommendation" that ASH release Anderson to the California Department of Corrections and Rehabilitation (CDCR) to serve his sentence, with CDCR then transferring him back to ASH for treatment pursuant to section 2684. The court stated, "that's the only thing that I can think of that might work." Anderson contends the trial court erred by failing to designate ASH as the place of service of his state prison sentence. We affirm.[2]

Anderson contends the pending prison sentence renders it impossible for him to be restored to sanity as that would require placement in a forensic conditional release program for one year or release to an outpatient program. (§ 1026.2, subds. (d), (e).) He claims that as long as he is subject to the prison term, he is ineligible for any type of release to a transitional program, and therefore cannot complete his civil commitment. He is incorrect.

Section 1026.2, subdivision (m), applies specifically to persons such as Anderson "who, at the time of the petition or recommendation for restoration of sanity, are subject to a term of imprisonment with prison time remaining to serve . . . ." Recognizing that such persons are ineligible for a conditional release program, it states "*a finding of restoration of sanity may be made without the person being in a forensic conditional release program for one year.* If a finding of restoration of sanity is made, the person[] shall be transferred to the custody of the California Department of Corrections to serve the term of imprisonment remaining . . . ." (*Ibid.*, italics added; *People v. Chavez* (2008) 160 Cal.App.4th 882, 896-897 (*Chavez*).)

---

[2] The People move to dismiss the appeal, arguing Anderson is seeking appellate review of a non-appealable order. We deny the motion. Section 1237, subdivision (b), provides for an appeal from "any order made after judgment, affecting the substantial rights of the party." Although the trial court's order is labeled a recommendation, it necessarily denied the relief Anderson was seeking, i.e., custody credits against the two-year sentence for the time spent at ASH or an order allowing him to serve his sentence at ASH. An appeal from the denial of a motion to correct or modify a credit award is appealable as a post-judgment order affecting the substantial rights of the party. (*People v. Gainer* (1982) 133 Cal.App.3d 636, 642; *People v. Hyde* (1975) 49 Cal.App.3d 97, 103; see *People v. Fares* (1993) 16 Cal.App.4th 954, 958 ["There is no time limitation upon the right to make [a] motion to correct the sentence"].)

2

Finding this statute dispositive, *Chavez* rejected the defendant's assertion that his state prison sentence should run concurrently with his state hospital commitment. (*Chavez, supra*, 160 Cal.App.4th at pp. 896-897.) It observed that if a defendant is committed to the state hospital, subdivision (m) of section 1026.2 requires that execution of the state prison term be stayed or otherwise delayed until the defendant regains his sanity. (*Id.* at p. 897.) Only after sanity is restored may the defendant be transferred to CDCR to serve the prison term. (*Ibid.*)

Furthermore, "[t]he question whether to impose concurrent or consecutive sentences applies only when there are multiple convictions and multiple terms of imprisonment." (*Chavez, supra,* 160 Cal.App.4th at p. 896; see §§ 669, 1170.1.) Anderson's state hospital commitment is not a term of imprisonment. (See *Chavez,* at p. 895.) Inasmuch as this case does not involve multiple prison terms, "there is no legal basis to order a state hospital commitment and a state prison sentence to run concurrently with or consecutively to one another." (*Id.* at p. 896*.*)

The trial court properly determined that it lacked authority to issue an order granting Anderson credit for time spent at ASH or allowing him to serve his prison term in the hospital. Absent any action on the court's recommendation to ASH and CDCR, the propriety of which is not contested on appeal, Anderson's prison term must be served after restoration of his sanity. (§ 1026.2, subd. (m); *Chavez, supra,* 160 Cal.App.4th at pp. 896-897.)

The order is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

3

Barry T. LaBarbera, Judge

Superior Court County of San Luis Obispo

_____

California Appellate Project, Jonathan B. Steiner, Executive Director, Richard B. Lennon, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Elaine F. Tumonis, Deputy Attorney General, for Plaintiff and Respondent.