Filed 10/12/23  P. v. Jackson CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LANTZ LAVELLE JACKSON,<br><br>        Defendant and Appellant. | A166273<br><br>(San Mateo County Super. Ct. No. SC080271A) |

Lantz Jackson appeals from the denial of his motion to apply excess custody credits to his period of parole.  He contends the trial court erred in concluding it lacked jurisdiction to grant the motion. We disagree and therefore conclude the appeal must be dismissed.

## BACKGROUND

In 2014, Jackson pleaded no contest to robbery (Pen. Code, § 211)[1] and admitted seven alleged prior convictions with prison terms (§ 667.5, subd. (b)), one of which was for a serious/violent felony conviction (§ 667,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

subd. (c)(9), 1192.7, subd. (c)(19).)[2]  On July 10, 2014, the trial court sentenced him to a prison term of 13 years, consisting of three years for the robbery, doubled to six years due to the prior serious felony conviction (§ 1170.12, subd. (c)(1)), a consecutive five years for the section 667, subdivision (a), enhancement,[3] and consecutive one-year terms for two of the prior prison enhancements (§ 667.5, subd. (b)).  The court stayed the terms for the remaining prison priors.

On May 18, 2022, the parties executed a "Stipulation for Recall and Resentencing" pursuant to former section 1171.1, which had become effective January 1, 2022 (Stats. 2021, ch. 728, § 3), and has since been renumbered section 1172.75 (Stats. 2022, ch. 58, § 12).[4]  The new legislation, with an exception not relevant here, invalidated enhancements imposed pursuant to section 667.5, subdivision (b), prior to January 1, 2020, and provided for trial courts to recall the sentences of and resentence affected defendants. (§ 1172.75.)  The parties stipulated that the two one-year section 667.5, subdivision (b), enhancements must be stricken and Jackson sentenced to a total prison term of 11 years.  They further stipulated that the court should award the original presentence credits as listed in the abstract of judgment (actual 168, conduct 25, total 193), and that the court's minutes and amended

---

[2]  The facts of Jackson's offense are not relevant to the issues on appeal and need not be recited.

[3]  The reporter's transcript reflects the court imposing five years for the "667.8 prior."  This was an error either by the court or in transcription; the court was obviously referring to the five-year section 667, subdivision (a), enhancement that the amended information alleged, Jackson admitted and the abstract of judgment records.  The amended information did not contain any section 667.8 allegation and section 667.8 does not provide for a five-year enhancement.

[4]  This opinion will refer to the statute by its current number.

abstract of judgment should specify "actual post-conviction credits as 2,871 days as of May 18, 2022" and "CDCR [California Department of Corrections and Rehabilitation] to calculate post-conviction conduct credits." An amended abstract of judgment was filed the same day, reflecting a total sentence of 11 years and stating, "Credits as of 5/18/22; 2871 post-conviction[] actual credits" and "CDCR to calculate post conviction conduct and total credits."

On June 27, 2022, Jackson filed a motion to apply excess credit to his parole term. The People opposed the motion, arguing the trial court did not have jurisdiction and, even if it did, should not exercise its discretion to reduce the parole period. After a hearing on September 22, 2022, the trial court denied the motion based on lack of jurisdiction. Jackson appealed.[5]

**DISCUSSION**

Jackson contends the trial court erred in failing to exercise its jurisdiction to compute and apply custody credits at resentencing. He relies on "the long-established rule that, in the ordinary situation of original sentencing, excess presentence credits can reduce any period of parole. (See *In re Sosa* (1980) 102 Cal.App.3d 1002.)" (*People v. Morales* (2016) 63 Cal.4th 399, 405 (*Morales*).) As *Morales* observed, "[a] statute expressly so states. Section 2900.5, subdivision (a), provides that presentence custody shall be credited toward the sentence. . . . Section 2900.5, subdivision (a), provides: 'If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the *entire term of imprisonment*

[5] Although his briefs provide no details, Jackson is apparently now on parole: He asks this court to "order that he be awarded 2,871 days of confinement credit and that any excess beyond what he served prior to his release must be applied by CDCR to shorten his period of parole."

3

shall be deemed to have been served.' (Italics added.) To eliminate any possible ambiguity, subdivision (c) of section 2900.5 provides: 'For the purposes of this section, *"term of imprisonment"* includes any period of imprisonment imposed as a condition of probation or otherwise ordered by a court in imposing or suspending the imposition of any sentence, and *also includes* any term of imprisonment, including *any period of* imprisonment prior to release on parole and any period of imprisonment and *parole,* prior to discharge, whether established or fixed by statute, by any court, or by any duly authorized administrative agency.' (Italics added.)" (*Morales,* at p. 405.)

The People do not contest Jackson's right to have excess custody credits applied to his parole term if he has any such credits but argue the trial court properly denied the motion because, since the abstract of judgment after resentencing had already been filed, the court lacked jurisdiction to modify Jackson's sentence. "Generally, once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence. [Citations.]" (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084.) Moreover, the People argue that Jackson has not demonstrated error because the record does not show he is in fact entitled to any excess credits, and that his claim must be addressed to the prison authorities, not the trial court, because it involves *postsentence* custody credits rather than *presentence* credits.

Jackson contends that several statutes, "taken together," show the trial court erred in concluding it lacked jurisdiction over his motion. One is section 1237.1, which requires that claims of error in calculating presentence credits be presented to the trial court before they can be raised on appeal. Next, Jackson maintains that section 1170, subdivision (a)(3), mandates application of "*any* 'in-custody credits' (pre-or post-conviction)" to the parole

4

term.  Additionally, Jackson points to language in section 1172.75, subdivision (d), providing that resentencing generally "shall result in a lesser sentence than the one originally imposed."  (§ 1172, subds. (d)(1), (d)(3).)[6]

None of these statutes, separately or collectively, directly address the trial court's jurisdiction over the motion at issue here.  Sections 1170, subdivision (a)(3), and 1172.75 do not address jurisdiction at all.  Section 1170, subdivision (a)(3), provides that where "preimprisonment credit" is equal to or exceeds the sentence imposed, the entire sentence shall be deemed to have been served and the defendant "shall not be actually delivered" into custody.  Jackson relies on the immediately following statement that, "[t]he court shall advise the defendant that they shall serve an applicable period of parole, postrelease community supervision, or mandatory supervision . . . *unless the in-custody credits equal the total sentence*, including both confinement time and the period of parole, postrelease community supervision, or mandatory supervision."  (Italics added.)  Even if Jackson is correct in taking this language to include credit for prison time as well as "preimprisonment" credit, it bears on his entitlement to an offset of credit against parole, not the trial court's jurisdiction to order such an offset after the abstract of judgment has been filed.  With respect to section 1172.75, subdivision (d), Jackson points to

---

[6] Jackson separately cites former section 1171.1, which was the number assigned to the statute that is now section 1172.75 prior to its renumbering in 2022.  (Stats. 2022, ch. 58, § 12.)  He also cites former section 1171, which was renumbered section 1172.7 in 2022.  (*Id.,* ch. 58, § 11.)  This statute invalidated sentence enhancements imposed prior to January 1, 2018, pursuant to Health and Safety Code section 11370.2, and contains provisions for recall of sentence and resentencing parallel to those of section 1172.75.

provisions stating that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety," and the court is allowed, but not required, to consider "postconviction factors." (§ 1172.75, subd. (d)(1), (d)(3).) Again, to the extent this language pertains to application of excess credits to reduce a parole term, it bears on the defendant's substantive right, not the trial court's jurisdiction subsequent to filing of the abstract of judgment.

Section 1237.1 provides that "[n]o appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court" and further specifies that "[t]he trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the calculation of presentence custody credits upon the defendant's request for correction." Jackson urges that "resentencing, as in this case, should logically be treated the same as an original sentencing hearing, given the decisional latitude afforded the trial court when striking prison priors and reforming the prison term."

Even if we assume the jurisdiction granted by section 1237.1 applies to resentencing as well as original sentencing (the argument implied by Jackson's argument although not expressly elaborated), the present case is problematic. The statute is aimed at "mathematical or clerical error" in the calculation of presentence credits; it was intended to avoid " 'utilization of the formal appellate process for a *minor ministerial act.*' " (*People v. Delgado*

6

(2012) 210 Cal.App.4th 761, 765-766, quoting Assem. Com. on Public Safety, Analysis of Assem. Bill No. 354 (1995-1996 Reg. Sess.) p. 3.) Jackson did not seek correction of an error in the court's calculation of presentence credit; he sought an order directing the CDCR to fulfill its responsibility to calculate his post-sentence credits and, if his credits exceeded his revised term of imprisonment, apply the excess to reduce his parole period. The parties' stipulation did not address excess credits or the parole period, and Jackson did not ask the court, in recalling his sentence and resentencing him, to include any such orders to the CDCR.

The orders sought by Jackson's motion cannot properly be characterized as "minor ministerial acts." The application of excess credits to reduce a period of parole, expressly required by section 2900.5 in the context of original sentencing and presentence credit, is not *necessarily* the rule after resentencing. For example, where the legislation providing for resentencing indicates a period of parole is to follow the reduced sentence, excess credits will *not* be applied to the period of parole. (*Morales, supra,* 63 Cal.4th at p. 403 [excess credits not applied to reduce parole period after resentencing under section 1170.18 (Prop. 47)]; *People v. Lamoureux* (2020) 57 Cal.App.5th 136, 145 (*Lamoureux*) [trial court not required to "automatically" apply excess credits to offset parole period after resentencing under section 1170.95 (Sen. Bill No. 1437 (2017-2018 Reg. Sess.))]; *People v. Wilson* (2020) 53 Cal.App.5th 42, 46 (*Wilson*) [trial court not required to "mechanically" apply excess credits to parole period after section 1170.95 resentencing].)[7] In

---

[7] *Morales* focused on the difference in language between section 2900.5, which states both that "the person is entitled to credit for time served" and that "the credit can reduce or eliminate the period of parole," and section 1170.18, subdivision (d), which states that "the person is to receive

the present case, although the People now agree that Jackson would be entitled to offset excess credits against his parole period if he in fact has excess credits, in the trial court the People opposed Jackson's motion on the merits as well as on jurisdictional grounds. Jackson's motion sought orders that would require a judicial determination, not just a ministerial act within the purview of section 1237.1.

The fact that the motion sought application of potential *postsentence* conduct credits is critical for another reason. As Jackson's motion (and the parties' stipulation) implicitly acknowledged,[8] unlike presentence credits, which are calculated by the trial court at the time of sentencing, postsentence

_____

credit for time served *and* is subject to parole." (*Morales, supra,* 63 Cal.4th at p. 406.) The court concluded that the "electorate was informed, and it intended, that a person who benefitted from [Proposition 47] by receiving a reduced sentence would be placed on parole for one year after completion of the reduced sentence, subject to the court's discretion to release the person from that parole." (*Id.* at p. 403.) *Morales* observed that "if excess credits can reduce or eliminate the period of parole, the court's discretion will be curtailed or eliminated." (*Id.* at p. 405.) *Morales* also found that "[t]he purpose behind section 2900.5—to equalize treatment of those who can and those who cannot post bail—is irrelevant" in the resentencing context. (*Id.* at p. 408.)

*Lamoureux* and *Wilson* interpreted section 1170.95, subdivision (g), which similarly provides that the resentenced person "shall be given credit for time served" but also authorizes the trial court to order that the person be "subject to parole supervision for up to three years following the completion of the sentence." Both applied *Morales's* reasoning in concluding trial courts were not required to apply excess credits to reduce the parole period. (*Lamoureux, supra,* 57 Cal.App.5th at pp. 142-145; *Wilson, supra,* 53 Cal.App.5th at pp. 48-53.)

[8] As earlier indicated, the stipulation called for, and the amended abstract of judgment provided, an award of the same presentence credits as stated in the original abstract of judgment (actual and conduct) as well as actual post-conviction credits, but for the CDCR to calculate post-conviction conduct credits.

conduct credits must be calculated by CDCR. (*People v. Mendoza* (1986) 187 Cal.App.3d 948, 954 (*Mendoza*); see *People v. Buckhalter* (2001) 26 Cal.4th 20, 30-31.)[9] Accordingly, "[t]he defendant must exhaust all administrative remedies before seeking review" of a claim for worktime credits and, if a dispute remains, then seek relief by means of a petition for writ of habeas corpus. (*Mendoza,* at pp. 954-955.)

Jackson did not make any showing that he had exhausted all administrative remedies. Defense counsel told the court at the hearing that CDCR had "imputed the credits" but stated, "with all my attempts in trying to contact, for example, the parole department, the parole department has not responded back to me when asked why isn't the excess credit being applied." Aside from this statement about "informal" requests, the record does not reflect what steps, if any, were taken to have the issue dealt with administratively, or why further efforts would be futile. Jackson's assertion that he "cannot be tasked with both complying with parole terms and continuing to knock on various administrative doors of bureaucracy to get that to which he is entitled" does not suffice. And, in any event, even if Jackson had shown he followed applicable procedures for having his claim addressed by CDCR, this would not confer jurisdiction on the trial court to entertain the postjudgment motion he filed.

---

[9] "Presentence credit evaluation requires factual findings based on information uniquely under the control of the trial courts. Trial courts do not have the same information available to calculate postsentence credits. Such information is determined by the prison authorities. One-for-one worktime credits must be calculated initially by the prison authorities who are authorized to grant them in the first instance." (*Mendoza, supra,* 187 Cal.App.3d at p. 954.) The resentencing trial court must, however, calculate the defendant's *actual* postsentence custody credits. (*People v. Buckhalter, supra,* 26 Cal.4th at p. 23; § 2900.1.)

9

Jackson asks us to construe his appeal as a petition for writ of habeas corpus if we determine his claim can only be pursued by such means.  (See *Mendoza, supra,* 187 Cal.App.3d at p. 955.)  We decline to do so.  Jackson's motion did not assert, much less show, he in fact had any excess credits.  The motion simply argued that "*[w]hatever* credits beyond 11 years that the defendant completed should be applied to his parole term" and, at the hearing, defense counsel asked the court to order CDCR to "re-calculate the credits and, *if there are any*, apply the excess credits" toward the parole term.  (Italics added.)  Jackson's reply brief in this court asserts that, "on the face of things, [he] *may* be entitled to termination of parole right now."  (Italics added.)  Absent any showing that Jackson in fact has excess credits to be applied to his parole term or has exhausted administrative procedures for obtaining the relief he seeks, treating his appeal as a writ petition is unwarranted.

The trial court correctly determined that it lacked jurisdiction over Jackson's motion.  "If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed. [Citations.]"  (*People v. Torres, supra*, 44 Cal.App.5th at p. 1084.)[10]

## DISPOSITION

The appeal is dismissed.

---

[10]  The People's brief argues this appeal should be dismissed because it was taken from an unappealable order, then in its "conclusion" asserts the judgment should be affirmed.  Under the rule stated in the text, dismissal is the appropriate action.

_____

STEWART, P.J.

We concur.

_____

RICHMAN, J.

_____

MILLER, J.

*People v. Jackson* (A166273)

11